Dear Mayor Overton:
The opinion you requested by your August 18, 2003 letter deals primarily with ethical issues that should be directed towards the Board of Ethics for Elected Officials. Although we have forwarded your letter to Mr. R. Gray Sexton for such purpose, this office would like to take the time to inform you of a certain revised statute and a previous Attorney General Opinion that may answer your questions.
The third portion of your first question inquires into a situation whereby a public official is using public funds for personal gain, also statutorily defined as public contract fraud. This particular type of fraud is committed:
 (1) When any public officer or public employee shall use his power or position as such officer or employee to secure any expenditure of public funds to himself, or to any partnership of which he is a member, or to any corporation of which he is an officer, stockholder, or director; or
 (2) When any member of any public board, body, or commission charged with the custody, control, or expenditure of any public funds votes for or uses his influence to secure any expenditure of such funds to himself, or to any partnership of which he is a member, or to any corporation of which he is an officer, director, or stockholder. LA.R.S. 14:140.
The term public officer is any position of authority of the State of Louisiana, or of any parish, municipality, district, or other political subdivision. LA.R.S. 14:2(9). There is no question that Alderwoman Cherise Gougisha is a public official. The appropriate analysis should be whether Ms. Gougisha, as Bank Branch Manger, would be considered an "officer, stockholder, or director," in the context of LA.R.S. 14:140. Furthermore, an in depth analysis would be required to determine whether an expenditure of funds has taken place. In this situation, there has been no expenditure of funds since the principle amount of money, held in a certificate of deposit, is still available for withdrawal.
LA.R.S. 14:141 prohibits a public officer from entering into a contract on behalf of the State of Louisiana, when the public officer would benefit from fees, commissions, or anything of apparent present or prospective value. The exception to LA.R.S. 14:141 is full disclosure of such a contract by filing it with the Secretary of State at least 10 days prior to the deal. The Secretary of State would release the proposed contract to the media during the ten days prior to the execution of the contract. In applying LA.R.S. 14:140 and 14:141, it is important to look at what Alderwoman Gougisha may have gained in putting the state funds with Iberville Bank. If nothing of value has been gained, then LA.R.S.14:141 is also inapplicable.
Application of these statutes would be an extreme result considering the factual situation you described in your August 18, 2003 letter. Although these statutes have been included in this opinion to answer your questions regarding public officer conduct, it is the opinion of this office that Alderwoman Gougisha's conduct would not fall under the purpose of LA.R.S. 14:140 and 14:141. A good factually analogous example of LA.R.S. 14:140 has been addressed by our office under Atty. Gen. Op. 1946-48, p. 490. The difference is that under the 1946 opinion there was an actual receipt of commissions by the Alderman, whereas in your situation there lacks an actual expenditure of funds and receipt of commissions by Alderwoman Gougisha.
It is important to note that although the handling of these funds may be a violation of proper ethical conduct, those questions will be better addressed by the Board of Ethic's opinion. The purpose of our opinion is to provide you with a general answer, with respect to State laws, to your questions from your August 18, 2003 opinion request. Should you need any further assistance, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI/CHB,jr./mn
DATE RECEIVED:
DATE RELEASED: October 10, 2003